HINDIN/OWEN/ENGELKE, INC.,
a corporation, Plaintiff—
Appellant,

v.

FOUR SEASONS HEALTHCARE,
INC., a corporation, Defendant—
Appellee.

No. 02–56023.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 4, 2003.

Decided July 14, 2003.

**618**

Before: THOMPSON, TROTT, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Hindin/Owen/Engelke Inc. ("HOE") appeals the district court's grant of summary judgment to Four Seasons Healthcare, Inc., as well as the district court's order awarding Four Seasons attorney's fees. We review a district court's grant of summary judgment de novo. *Alfrey v. United States*, 276 F.3d 557, 561 (9th Cir.2002).

Four Seasons asserts that it is entitled to summary judgment because the January 11, 2001, Agreement between the parties entitles HOE to a placement fee only if Four Seasons receives "initial funding proceeds." We reject this contention.

Under California law, we are bound to give force to all of a contract's provisions.

Cal. Civil Code § 1641. Paragraph 3, subpart C, of the January 11 Agreement entitles HOE to a fee if Four Seasons hinders or frustrates a lending institution's efforts (a) to propose financing to Four Seasons, (b) to conduct due diligence, and/or (c) to fund Four Seasons. In such a situation Four Seasons would not receive any "initial funding proceeds" or "initial funds," yet HOE would still be entitled to a fee. Therefore, reading the Agreement as Four Seasons suggests–to make the receipt of funds a precondition to payment–would render meaningless subpart C, and also perhaps subparts A, B, and D. Moreover, our holding does not render the portions of the Agreement discussing "initial funding proceeds" or "initial funds" surplusage; those provisions concern non-exclusive sources for payment, not whether HOE will receive payment. The provisions, for example, do not employ a term such as "only," which would indicate an exclusive source.

We therefore hold that summary judgment was improperly granted because there are genuine issues of material fact, including but not limited to whether, FINOVA Capital Corporation's agreement with Four Seasons constitutes a "credit facility or facilities," "funding proposal," "lending program," "funding commitment," or "fund" for purposes of the January 11 Agreement.

Accordingly, the district court's order on summary judgment is reversed, and its order awarding attorney's fees to Four Seasons is vacated. Costs on appeal are awarded to the appellant.

REVERSED and REMANDED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.